UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN SHORT,

    Plaintiff,                                    Case No. 09-14408

v.                                            Honorable John Corbett O'Meara

MICROSOFT CORPORATION AND AOL
CORPORATION,

    Defendants.

_____/

## ORDER DISMISSING THE COMPLAINT AND DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL

Before the court is a *pro se* complaint and an application for appointment of counsel each filed by plaintiff Brian Short. For the reasons discussed herein, Plaintiff's complaint is dismissed and his application for appointment of counsel is denied.

### I. Dismissal of Complaint

Plaintiff filed a sixteen-count, *pro se* complaint in this court on November 10, 2009, and an amended complaint on November 12, 2009 alleging the following causes of action: Count I, right to property and possession; Count II, right to a trade dress; Count III, negligence; Count IV, comparative negligence; Count V, gross negligence; Count VI, fiduciary duty; Count VII, just compensation; Count VIII, unjust enrichment; Count IX, breach of contract; Count X, right to equitable relief; Count XI, pecuniary interest; Count XII, vested rights; Count XIII, Proprietary Interest; Count XIV, contract of adhesion:

estoppels examined briefly; Count XV, breach of covenant of good faith and fair dealings; and Count XVI, unfair trial and denial of due process.

The 18-page complaint attempts to allege causes of action against Microsoft Corporation and AOL Corporation. To the extent the court understands the complaint, the crux of Plaintiff's argument seems to be that these corporations allegedly appropriated his idea for the development of the Internet which Plaintiff claims he gave these corporations as a senior in high school in 1991. Plaintiff includes, as Appendix A to the complaint, a hand-written letter addressed "Dear AOL," which is allegedly his correspondence with the company where he gave them the idea for the Internet in 1991. The paper upon which the letter is written has a date stamp of April 13, 2007. Plaintiff further contends that the United States government, through the United States Army, brainwashed him into forgetting that he had the original idea for the Internet. Plaintiff's memory is allegedly coming back now, hence this lawsuit.

Because plaintiff Short paid the requisite filing fee, his complaint is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(a). Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). Generally, in cases in which a filing fee has been paid, the court may not *sua sponte* dismiss the complaint unless it gives the plaintiff notice and an opportunity to amend the complaint. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

2

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

The allegations in Plaintiff's complaint are totally implausible, frivolous and devoid of merit. The complaint begins:

> A U.S. District Court lawsuit was filed on September 15, 2006, (case no. 8:06-cv-01712) against chiefly AOL, but as well against Honey Baked Ham, The Army, and the US. The assertion is that the case remains open as relief motion was filed and accepted. The request hereto is for staying those proceedings or enjoin them as the case is still active and supplemental jurisdiction powers can be invoked. Plaintiff voluntarily dismisses the US and US Army and Honey Baked Ham but still addresses their facts as important and relevant to the entirety of the case and due process violated.
> Facts alleged in this case and the other case state AOL in 1991 came out with a disk and the first ever window platform on a disk or for any disk for a computer. The rumor at that time was they were going to sell merchandise off the disk. They were never intending to procure a portal to more than one window on disk or to have multi-link interfaces or a browser based setting or portal to other computers.
> In a letter submitted to AOL by self Senior year of High School Plaintiff raised the idea of coming out with multiple windows and to have multiple bars that linked to other windows on the disk on their single cover page. Plaintiff expressed using links and linking to other windows on the disk and to other computers through the last bar called coincidentally enough "World Wide Web." Stress on being named after the Internet.
> Self-descriptive words in the letter were used to provide time and reference back to the letter if ever doubted such things therein as modems used after mode of communication and router to route data and server to serve and provide the hosting of information. A long history of invention thefts had occurred prior so measures were taken this way to help provide reference and relation back.

Complaint at 1-2. The complaint continues:

> Who supported these false historical and technological contentions and falsities? Citizens and government definitely

> through plotted dissuasion and false contentions, through lack of care, through media, and through any misrepresentation that anyone could try to further themselves in this world?  Such was the reason then for the assertion of claims against the US for condoning and ratifying these lies.  Things like Al Gore saying he invented the Internet, and pressure to enlist in the Army soon after inventing the Internet and the public domain suppression through Al Gore's plotted scheme to act like there was an inventor and not publicly unknown and derived.

Complaint at 4.  The tone remains the same throughout the complaint.

Given the utter implausibility of the allegations in the complaint, the court finds no basis for subject matter jurisdiction.  Therefore, the complaint is subject to *sua sponte* dismissal.

## II. Denial of Application for Appointment of Counsel

Plaintiff also requests that the court appoint counsel for him.  As the Sixth Circuit pointed out:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself."  This generally involves a determination of the "complexity of the factual and legal issues involved."  Appointment of counsel . . . is not appropriate when a pro se litigant's claims are frivolous, or when the chances of success are extremely slim.

Lavado v. Keohene, 992 F.2d 601, 605 (6th Cir. 1993) (citations omitted).

The court has reviewed Plaintiff's complaint and concludes that his claims do not present the "exceptional circumstances" necessary to justify the appointment of counsel. Indeed, as discussed above, Plaintiff's claims are totally implausible, frivolous and devoid of merit.  Therefore, his application for appointment of counsel must be denied.

...

## **ORDER**

It is hereby **ORDERED** that Plaintiff's November 10, 2009 complaint and his November 12, 2009 amended complaint are **DISMISSED** and that his application for appointment of counsel is **DENIED.** It is **FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.


Date: January 13, 2010                                        s/John Corbett O'Meara
                                                                              United States District Judge



I hereby certify that a copy of this order was served upon the parties of record on this Date, January 13, 2010, by electronic and/or ordinary mail.


                                                                              s/William Barkholz
                                                                              Case Manager

5